IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIFFANY LASHAE BELL,  #212 792    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | CIVIL ACTION NO. 2:11-CV-583-TMH |
| ) | [WO] |
| OFFICER D. PATTERSON, *et al.*,    ) | |
| ) | |
| Defendants.    ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's pleading captioned *Order to Show Cause for a[] Preliminary Injunction & Temporary Restraining Order*. (*Doc. No. 50*.) On April 4, 2012 the court denied Plaintiff's request for a temporary restraining order ["TRO"]. (*Doc. No. 51*.) In denying Plaintiff's TRO, the District Judge found that Plaintiff had not carried her burden of demonstrating, among other things, "a substantial likelihood of success on the merits." (*Doc. No. 51 at 3*.)

The standards for granting relief on a TRO and a Preliminary Injunction are the same. *See Parker v. State Bd. of Pardons and Paroles,* 275 F.3d 1032, 1034-35 (11th Cir. 2001) ("A TRO or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits;"). There has already been a determination in this case that Plaintiff has failed to carry her burden of demonstrating a substantial likelihood of success on the merits. The undersigned, after having reviewed Plaintiff's claims agrees with the District Court's determination.

Because "[f]ailure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits," *American Civil Liberties Union of Fl., Inc. v. Miami-Dade County School Bd.,* 557 F.3d 1177, 1198 (11th Cir. 2009), Plaintiff's Motion for Preliminary Injunction is due to be denied. Further, this court notes that challenges to government officials' verbal threats, taunts, abuse, and/or harassment of prisoners, without more, do not amount to an actionable § 1983 claim. *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983); *Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Swoboda v. Dubach,* 992 F.2d 286, 290 (10th Cir. 1993).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's Motion for Preliminary Injunction (*Doc. No. 50*) be DENIED; and

2. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **May 2, 2012** the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report

accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

     Done, this 18th day of April 2012.


                                        /s/   Terry F. Moorer
                                   TERRY F. MOORER
                                   UNITED STATES MAGISTRATE JUDGE